JENNIE A. ROWELL, in equity, *vs.* HENRY S. JEWETT and another.

Somerset.   Opinion October 18, '1880.

*Conditional deed.   Forfeiture; effect of.   Objections to bill in equity; when made.*

The grantee in a conditional deed, if he refuses to perform the conditions upon which his title depends, forfeits his estate none the less, because he may have paid some portion of its value by way of consideration, or to relieve it from incumbrance. The estate reverts to the grantor as a matter of legal right, and, if he sees fit to enter for the breach of condition and to claim a forfeiture, the estate reverts to him to all intents and purposes, without regard to the outlays which the conditional grantee may have made on account of it.

Where the respondent in a bill in equity fully understood the facts and causes of complaint as detailed in evidence taken at a previous hearing, including that offered by the respective parties, in a suit at law between the same parties, and signed an agreement making all such evidence a part of this case, it is too late after that to criticize the bill for want of minuteness of detail, even if in the outset he could have successfully urged that the case was not clearly, succinctly and precisely set forth in the bill.

*Rowell* v. *Jewett*, 69 Maine, 293, affirmed.

BILL IN EQUITY, heard on bill, answer and proof.

In accordance with the opinion and order of the court in this case, reported 69 Maine, 293, Fifield Mitchell was summoned in and made a party to the suit. The opinion discloses the material facts not already reported in 69 Maine, 293.

*D. D. Stewart*, for the plaintiff, cited : *Richardson* v. *Woodbury*, 43 Maine, 206 ; *Rogers* v. *Saunders*, 16 Maine, 92 ; *Jones* v. *Robbins*, 29 Maine, 351 ; *Hall* v. *Sturdivant*, 46 Maine, 34 ; *Chamberlain* v. *Black*, 55 Maine, 87 ; *Snowman* v. *Harford*, 55 Maine, 197 ; *Goldsmith* v. *Guild*, 10 Allen, 239.

*J. H. Webster*, for Fifield Mitchell, one of the defendants.

A bill in equity should set out specifically all the facts intended to be proved by the plaintiff at the hearing, and proof of facts not alleged or set out in the pleading is not admissible, and if by chance, such proof gets into the record, the court cannot regard it. Rule 1st, in Chancery ; *Hunt* v. *Daniel*, 6 J. J. Marsh. 399 ; 3 Greenl. Ev. 7th ed. 355 ; *Sidney* v. *Sidney*, 3 P. Wms. 269, 276 ; *Scudder* v. *Young*, 25 Maine, 153 ; *Boynton* v.

*Brastow*, 38 Maine, 577 ; *Lovell* v. *Farrington*, 50 Maine, 239 ; *Stover* v. *Poole*, 67 Maine, 217.

No evidence of any specific act or omission on the part of Fifield, which is claimed to constitute a breach of the conditions in the deed, can be considered by the court. *Hunt* v. *Daniel*, 6 J. J. Marsh, 399.

One who asks equity must do equity. Fifield was compelled to pay $1050 debt, interest and costs, by reason of the title his mother gave him being tainted with fraud, that she should be compelled to pay.

Fifield Mitchell took from his mother a title tainted with fraud so far as she was concerned, but without fraud on his part. Of that fraud on her part, he has paid the penalty. The question is, shall a party, having nothing but a fraudulent title, prevail against one who holds by a title not tainted ?

BARROWS, J.   The question which this plaintiff has to settle with her brother, Fifield Mitchell, who has been made a party here in compliance with the requirement of the court made known when this case was before us last year, is one of simple legal right and title, arising incidentally in this bill in equity, for the redemption of the farm from the mortgage given to Scammon Burrill and now held by Henry S. Jewett, the other respondent.

It is the same question which would have been determined in the suit at law formerly brought by this plaintiff against these respondents had it not turned out that the plaintiff had at best, only the title of a mortgager, while Jewett had that of a mortgagee in possession, and Mitchell was his tenant ; and hence the plaintiff could not maintain an action at law, but her remedy must necessarily be sought in equity for the redemption from the mortgage. *Rowell* v. *Mitchell et al.* 68 Maine, 21. In that suit, Mitchell having sheltered himself under the superior title of the mortgagee, the question whether he or the plaintiff had the better right remained undetermined. But when her bill.in equity claiming the right to redeem against Jewett was presented and heard, it was seen that in order to settle in one suit the conflicting claims of all parties concerned in the subject matter, inasmuch as Fifield Mitchell was in possession, apparently himself

claiming the right to redeem and denying the right of the plaintiff, he must be made a party to this suit, and the title to the right of redemption as between him and the plaintiff definitively settled before a decree for redemption in her favor could be made. *Rowell in eq.* v. *Jewett,* 69 Maine, 293, 304.

If he would prevail against her, he must show the better title as in a suit at law. Did he break the conditions of his mother's deed to him? Did his mother make a proper entry to revest the title in herself? If these questions are answered in the affirmative, then the estate passed under the will of Eliza Mitchell to the plaintiff, and Fifield Mitchell has no right in it as against her.

It was necessary for the plaintiff to establish these propositions in order to give herself a standing in court, either in the suit at law, or in the bill to redeem against Jewett; and the evidence, *pro* and *con* has been before us accordingly. It is now by agreement of parties presented again as originally taken. There is some additional evidence, but nothing to change the character of the case as heretofore exhibited and considered.

His counsel present now the fact that he paid something on account of a previously existing debt of his father to relieve the undivided half of the farm which was conveyed by his mother's conditional deed to him from liability to be taken for that debt.

But according to his own story, he knew of this debt when he received the conditional deed from his mother, and even when it was conveyed to her, though mostly paid for by David Mitchell. The grantee in a conditional deed, if he refuses to perform the conditions upon which his title depends, forfeits his estate none the less, because he may have paid some portion of its value by way of consideration or to relieve it from incumbrance. The estate reverts to the grantor as matter of legal right, and if he sees fit to enter for the breach of condition, and to claim a forfeiture the estate revests in him to all intents and purposes, without regard to the outlays which the conditional grantee may have made on account of it. The respondent Mitchell, might with as much reason claim to have any, and all the other sums which he paid in the course of the transactions respecting his mother's undivided half of the farm refunded, as this upon

which he bases a claim. The reasons why the court did not see fit to use its discretionary power to relieve Mitchell and his grantee from the forfeiture claimed by his mother, are adverted in the discussion of this branch of the case, 69 Maine, 301, where the power of the court to grant relief in cases where the forfeiture is, in a certain sense, accidental, by reason of an unintentional breach of condition, or at least, one which is not wanton, and willful and long continued, and which is capable of computation and compensation, is fully recognized. The character and proper application of this power, are quite largely discussed in *Henry* v. *Tupper*, 29 Verm. 358 ; and *Dunklee* v. *Adams*, 20 Verm. 421.

Moreover, were the case one which would justify the application of the broadest principles of natural equity, to limit the rights of the party having the legal estate, we do not see why the result would not be the same. The testimony shows that having regard to the rents and profits of the property which he has held under the conditional deed, and to what he has sold of its products, and received from the insurance of the buildings upon it, and to the valuable services rendered by his father, Fifield Mitchell is at all events no loser by the family arrangement. It is clear that he has been more than repaid for all his outlays in consequence of it.

No doubt, had he faithfully performed the conditions stipulated for, in the deed, he would have realized greater gains. The loss of them he must attribute to his own unfilial conduct.

There is no occasion now, to determine whether the course he has pursued for the last few years has destroyed the right which he once had to redeem from his conveyance to Jewett. However that may be, it is clear that by the breach of the conditions of the deed under which, alone, he has title to the half of the farm originally conveyed to Eliza Mitchell, he has forfeited it, and by the entry of Eliza Mitchell for that purpose, the legal title to the same was revested in her, and passed by her devise to this plaintiff; and the case not being such that equity will interfere to relieve against the forfeiture, full effect is to be given to the plaintiff's title.

In illustration of the caution which will be exercised by courts of equity before they interfere against a legal claim, or fail to give it its full effect, see *Lloyd* v. *Passingham*, 16 Ves. 59; also the remarks of Sir J. Jekyll in *Cowper* v. *Cowper*, 2 Peere Wms. 753; and *Burgess* v. *Wheate*, 1 W. Blacks. Rep. 123.

The objection taken by the respondent Mitchell, that the bill does not specifically charge the various breaches of the conditions in the deed, nor properly allege the entry to revest the estate, if it ever had any force, would be obviated by the written agreement of counsel, to make all the evidence at the previous hearing, including that which had been offered by the respective parties in the suit at law, a part of this case. The parties perfectly understood "the facts and causes of complaint," as detailed in the evidence before they reached the stage in this litigation, at which this agreement was made, and they deliberately present that evidence for us to pass upon. It is too late after that, to criticize the bill for want of minuteness of detail, even if in the outset it could have been successfully urged that the case was not "clearly, succinctly and precisely" set forth in the bill. We do not say that it was not so set forth. For reasons given more at length in the former opinion, and inasmuch as we see nothing in what Fifield Mitchell has to offer to incline us to reverse or revise the conclusions reached upon the evidence as then presented, a decree should be entered, that the plaintiff is entitled to redeem in the manner and with the effect set out in *Rowell* v. *Jewett*, 69 Maine, 305, and to have her costs, equitably apportioned against the respondents, by the judge, to whom the final decree is transmitted for signature, who will also fix the time within which such redemption must be made when the amount to be paid shall have been ascertained by a master in chancery, to be appointed at *nisi prius*, if the amount is not agreed on by the parties.

*Decree accordingly.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and SYMONDS, JJ., concurred.